D /F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
WILLIAM J. WILSON, ROBERT J. FREY,
BRUCE B. WEINER,

               Plaintiffs,

        -against-

PATRICK AUSTIN (a/k/a PATRICK
AUGUSTINE, a/k/a PATRICK AUGUSTUS),
PAUL KING, TRUDI ROTHWELL (a/k/a
TRUDI BRANDT), JESSICA FAYE IONA
WEDDERBURN,

               Defendants.
-------------------------------------------------------X

**ORDER ADOPTING
REPORT &
RECOMMENDATION**
11-CV-4594 (SJF)(GRB)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   AUG 2 7 2012   ★

**LONG ISLAND OFFICE**

FEUERSTEIN, United States District Judge:

     On September 21, 2011, plaintiffs William J. Wilson, Robert J. Frey, and Bruce B.

Weiner (collectively, "plaintiffs") commenced this action against defendants Patrick Austin

(a/k/a Patrick Augustine, a/k/a Patrick Augustus), Paul King, Trudi Rothwell (a/k/a Trudi

Brandt), and Jessica Faye Iona Wedderburn (collectively, "defendants"), alleging, inter alia,

securities fraud, breach of contract, and violation of the civil RICO statute. Complaint [Docket

Entry No. 1]. Each defendant, each of whom has appeared pro se, has filed a separate motion to

dismiss pursuant to Federal Rule of Civil Procedure 12(b).

     Presently before the Court is the Report and Recommendation (the "Report") of

Magistrate Judge Gary R. Brown, dated June 25, 2012, recommending that defendants' motions

to dismiss be denied in their entirety. [Docket Entry No. 48]. Defendants Austin and

Wedderburn have filed objections to the Report. [Docket Entry Nos. 58, 59].[1] For the following

reasons, the Court accepts Magistrate Judge Brown's Report in its entirety and adopts it as an

order of the Court.


I.      Review of the Report and Recommendation

        Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct

proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P.

72(b). Any portion of a report and recommendation on dispositive matters to which a timely

objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

However, "when a party makes only conclusory or general objections, or simply reiterates the

original arguments, the Court will review the report strictly for clear error." Frankel v. City of

New York, Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 29, 2009).

The Court is not required to review the factual findings or legal conclusions of the magistrate

judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150

(1985). Whether or not proper objections have been filed, the district judge may, after review,

accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b).


II.     Defendants' Objections

        Defendant Austin has not identified any error in the R & R. To the extent he uses his

---

[1] Defendant Rothwell requested, and was granted, an extension of time to file her objections. [Docket Entry No. 61]. Nevertheless, Rothwell has failed to file any objections to the R & R.

2

objections to explain his view of the facts, "[t]he Court's function on a motion to dismiss is 'not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient.'" Bertuglia v. City of New York, 839 F.Supp.2d 703, 713 (S.D.N.Y. 2012) (quoting Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985)). Austin's venue and forum non conveniens arguments were addressed and properly rejected in the R & R.

Wedderburn's objections are untimely and, in any event, do not identify any error in the R & R. As Magistrate Judge Brown noted, her personal jurisdiction defense raises issues that may be explored in discovery. Report at 7; see Cenage Learning, Inc. v. Buckeye Books, 531 F.Supp.2d 596, 598-99 (S.D.N.Y. 2008) ("[A]t the pre-discovery stage the plaintiff defeats the motion [to dismiss] simply by pleading in good faith legally sufficient allegations of jurisdiction . . . .")

The Court is satisfied that the remainder of the Report is not facially erroneous.


III.    Conclusion

For the foregoing reasons, Magistrate Judge Brown's Report is adopted as an order of the Court. Defendants' motions to dismiss [Docket Entry Nos. 17, 18, 20, 21] are denied in their entirety, and the parties are directed to proceed with discovery in accordance with Magistrate Judge Brown's June 25, 2012 scheduling order. [Docket Entry No. 49]. The Clerk of Court is respectfully directed to terminate the motions filed at docket entry numbers 10 and 11 as moot.

In accordance with Rule 77(d) of the Federal Rules of Civil Procedure, the Clerk of Court shall serve a copy of this order upon all parties, including mailing a copy of this order to the pro se defendants, and shall record such service on the docket.

**IT IS SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated:     August 27, 2011
           Central Islip, New York

4