UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WILLIAM J. WILSON, ROBERT J. FREY, and
BRUCE B. WEINER,

                              Plaintiffs,

                -against-

PATRICK AUSTIN (a/k/a Patrick Augustus
a/k/a Patrick Augustine), PAUL KING,
TRUDI ROTHWELL (a/k/a Trudi Brandt),
and JESSICA FAYE IONA WEDDERBURN,

                              Defendants.
----------------------------------------------------------------x

**ORDER**
11-CV-4594 (SJF) (GRB)

FILED
CLERK
6/25/2013 4:14 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

FEUERSTEIN, J.

     On September 21, 2011, plaintiffs William J. Wilson, Robert J. Frey and Bruce B. Weiner ("plaintiffs") commenced this action against Patrick Austin ("Austin"), Paul King, Trudi Rothwell, and Jessica Faye Iona Wedderburn, alleging that they were defrauded through various financial schemes and asserting claims for, inter alia, racketeering, securities fraud, common law fraud, conversion, unjust enrichment, negligent misrepresentation and breach of contract. [Docket Entry No. 1]. On February 11, 2013, plaintiffs moved for default judgment against Austin pursuant to Rule 37 of the Federal Rules of Civil Procedure. [Docket Entry No. 80]. Now before the Court is the Report and Recommendation of Magistrate Judge Gary R. Brown dated May 1, 2013 (the "Report") recommending that plaintiffs' motion be granted and default judgment be entered against Austin. [Docket Entry No. 103]. Austin has filed objections to the Report. [Docket Entry No. 108]. For the following reasons, the objections are overruled, and the Court adopts Magistrate Judge Brown's Report in its entirety.

1

I.      Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." Frankel v. City of N.Y., Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F. Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed App'x 815 (2d Cir. Jan. 9, 2009); Baptichon v. Nevada State Bank, 304 F. Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.     Discussion

Magistrate Judge Brown has thoroughly recounted Austin's persistent failures to comply with court orders and to fulfill his discovery obligations in this case, despite having been provided multiple opportunities to comply and repeated warnings that his failure to do so would result in the entry of a default judgment against him. Report at 2-6. Magistrate Judge Brown

2

found that "Austin's conduct amounts to a textbook case warranting the imposition of a default judgment as a sanction for his failure to comply with discovery requests and court orders." Report at 9.

In his objections to the Report, Austin repeats the excuses for his non-compliance that Magistrate Judge Brown has already considered and rejected. See Declaration of Patrick Austin in Opposition to Plaintiffs' Motion for Default Judgment [Docket Entry No. 84]. Although the objections to a report and recommendation of a pro se party should be accorded leniency, "even a pro se party's objections . . . must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted); see also Walker v. Vaughan, 216 F. Supp.2d 290, 292 (S.D.N.Y. 2002). Because Austin "simply reiterates [his] original arguments" made to Magistrate Judge Brown, the Court is required to review the Report only for clear error. Frankel, 2009 WL 465645, at *2; see also Harris v. Queens Cnty. Dist. Atty's Office, No. 08-CV-1703, 2012 WL 832837, at *1 (E.D.N.Y. Mar. 12, 2012) ("A ruling is clearly erroneous when 'upon review of the entire record, [the reviewing court is] left with the definite and firm conviction that a mistake has been committed.'") (quoting DiPilato v. 7-Eleven, Inc., 661 F. Supp.2d 333, 339-40 (S.D.N.Y. 2009)). However, the Court has nonetheless conducted a de novo review to confirm that the sanction of default judgment is warranted here. See New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005).

"[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of

their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988). Upon review of the record, the Court finds that Magistrate Judge Brown afforded Austin adequate opportunities to comply with his discovery obligations and that Austin's excuses for his non-compliance are without merit. Austin was warned of the consequences that would follow if he failed to submit to a deposition and respond to plaintiffs' discovery requests. The Court also agrees with Magistrate Judge Brown that in these circumstances "issuing further orders or imposing lesser sanctions would serve no purpose, and would further prejudice the plaintiffs." Report at 10; see Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (stating that the efficacy of lesser sanctions is a useful factor in evaluating a district court's exercise of discretion in imposing sanctions pursuant to Rule 37).

Therefore, the Court finds that the sanction of default judgment is warranted here. See, e.g., Sony BMG Music Entm't v. Thurmond, No. CV-06-1230, 2009 WL 4110292, at *3 (E.D.N.Y. Nov. 24, 2009) (entering default judgment against a pro se defendant where she, "despite numerous warnings, . . . flouted court orders and . . . repeatedly refused to comply with her discovery obligations"); DISH Network L.L.C. v. Scott, No. 11-CV-00500A(F), 2012 WL 4464751, at *4 (W.D.N.Y. Sept. 25, 2012) (recommending entry of default judgment against a pro se defendant and stating that "although the most severe sanctions should not be imposed against a pro se litigant absent a warning that noncompliance can result in such sanctions, provided a pro se litigant is properly warned, even the most severe sanctions, including striking an answer and entry of default judgment, may be imposed for failing to comply with court-ordered discovery") (adopted in full at 2012 WL 4969984 (W.D.N.Y. Oct. 17, 2012)); Koch v. Rodenstock, No. 06 Civ. 6586, 2010 WL 2010892, at *6 (S.D.N.Y. Apr. 23, 2010) (entering default judgment against a pro se defendant where "the Court afforded Defendant three separate

4

opportunities to appear for a scheduled conference, . . . explicitly warned Defendant that he could face sanctions, including teh entry of a default judgment, for failure to appear[,] . . . gave Defendant ample advance notice of each scheduled telephone conference, as well as clear notice of the consequences of noncompliance[,] [and] Defendant[] fail[ed] to comply with the Court's final order requiring his appearance, or to provide a legitimate reason for that failure"); see also, e.g., MCI Worldcom, Inc. v. Levin, 31 F. App'x 757, 757-58 (2d Cir. 2002) (affirming entry of default judgment where "[t]he record reveal[ed] that [the pro se plaintiff] willfully and repeatedly failed to appear for depositions and comply with the District Court's orders, and that the District Court warned [him] that failure to comply with court orders could result in sanctions, including the entry of default judgment"); Lesane v. N.Y. City Dep't of Corr., No. 08 Civ. 4830, 2010 WL 4922513, at *3 (S.D.N.Y. Nov. 23, 2010) ("[The pro se plaintiff's] repeated disregard for court orders, ignoring of discovery requests, and failure to provide a change of address create an inference of willfulness or bad faith.").

III. Conclusion

For the foregoing reasons, Austin's objections are overruled, Magistrate Judge Brown's Report is adopted in its entirety as an order of the Court, and plaintiffs' motion for a default judgment [Docket Entry No. 80] is granted on the issue of liability. Plaintiffs are referred to Magistrate Judge Brown for an inquest on damages.

**SO ORDERED.**

                                                        _____
Sandra J. Feuerstein
United States District Judge

Dated: June 25, 2013
        Central Islip, New York