UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WILLIAM J. WILSON, ROBERT J. FREY,
BRUCE B. WEINER,

                Plaintiffs,

    -against-

PATRICK AUSTIN (a/k/a Patrick Augustus
a/k/a Patrick Augustine), PAUL KING,
TRUDI ROTHWELL (a/k/a Trudi Brandt),
And JESSICA FAYE IONA WEDDERBURN,

                Defendants.
----------------------------------------------------------X

**ORDER**
11-CV-4594 (SJF)(GRB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ JUL 28 2014 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.

On September 21, 2011, plaintiffs William J. Wilson ("Wilson"), Robert J. Frey ("Frey"), and Bruce B. Weiner ("Weiner") (collectively, "plaintiffs") commenced this action against defendants Patrick Austin ("Austin"), Paul King ("King"), Trudi Rothwell ("Rothwell"), and Jessica Fay Iona Wedderburn ("Wedderburn") (collectively, "defendants"), alleging that they were defrauded through various financial schemes and asserting claims for, *inter alia*, racketeering, securities fraud, common law fraud, conversion, unjust enrichment, breach of fiduciary duty, negligence, and negligent misrepresentation. [Docket Entry No. 1]. On June 25, 2013, a default judgment was entered against Austin. [Docket Entry No. 116]. On October 16, 2013, this Court held an inquest on damages against Austin (the "Inquest"). [Docket Entry No. 144]. On November 19, 2013, plaintiffs submitted proposed findings of fact and conclusions of law in support of their claims for damages against Austin ("Proposed Findings"). [Docket Entry No. 156]. The Court now considers plaintiffs' claims for damages against Austin.

I.  Background[1]

   A.  Procedural History

On September 21, 2011, plaintiffs commenced this action against defendants, alleging that they were defrauded through various financial schemes and asserting claims for, *inter alia*, racketeering, securities fraud, common law fraud, conversion, unjust enrichment, breach of fiduciary duty, negligence, and negligent misrepresentation. [Docket Entry No. 1]. On June 25, 2012, Magistrate Judge Gary R. Brown issued a report and recommendation that defendants' motions to dismiss be denied. [Docket Entry No. 48]. On August 27, 2012, this Court adopted Magistrate Brown's report and recommendation in its entirety and denied defendants' motions to dismiss. [Docket Entry No. 65].

On February 11, 2013, plaintiffs moved for default judgment against Austin. [Docket Entry No. 80]. On May 1, 2013, Magistrate Judge Brown issued a report and recommendation that default judgment be entered against Austin (the "Report"). [Docket Entry No. 103]. On June 25, 2013, this Court adopted Magistrate Judge Brown's Report in its entirety and granted a default judgment against Austin.[2] [Docket Entry No. 116]. On August 29, 2013, Austin moved for reconsideration of this Court's June 25, 2013 order adopting Magistrate Judge Brown's Report. [Docket Entry No. 132]. On September 18, 2013, the Court granted Austin's motion for

---

[1] The Court assumes familiarity with the facts underlying this case, as outlined by plaintiffs in their Proposed Findings. The Court accepts and hereby incorporates by reference plaintiffs' proposed findings of facts. *See* Proposed Findings, at 2-19.

[2] The three (3) remaining defendants were subsequently dismissed from this action. On June 26, 2013, King was dismissed with prejudice pursuant to a stipulation of dismissal signed by counsel for plaintiffs and King. [Docket Entry No. 117]. On November 5, 2013, upon an oral motion made by plaintiffs' counsel, this case was dismissed without prejudice as against Rothwell and Wedderburn. [Docket Entry No. 146].

reconsideration and, upon reconsideration, adhered to its original determination. [Docket Entry No. 134].

On September 19, 2013, at a status conference, this Court scheduled the Inquest on damages against Austin for October 16, 2013. [Docket Entry No. 135]. On October 16, 2013, this Court held the Inquest on damages against Austin, at which Austin failed to appear. [Docket Entry No. 144]. On November 19, 2013, plaintiffs filed their Proposed Findings, in which they request that judgment be entered in the amount of three million six hundred eighty-two thousand nine hundred five dollars ($3,682,905.00), plus prejudgment interest in the amount of two million one hundred eighty three thousand four hundred five dollars and fifty-four cents ($2,183,405.54), plus per diem interest in an amount to be determined by the Court, and an award of punitive damages. [Docket Entry No. 156]. Austin has not filed a response to plaintiffs' Proposed Findings.

II. Discussion

A. Legal Standard Governing Defaults

"A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true." *Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita, Inc.*, 804 F. Supp. 2d 108, 112 (E.D.N.Y. 2011) (citations omitted). "There is no question that a default judgment establishes liability." *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 854 (2d Cir. 1995) (citation omitted).

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993). Therefore, once a party's default is established, damages must still be proven. *See*

*Gutman v. Klein*, No. 03 CV 1570, 2010 WL 4975593, at *1 (E.D.N.Y. Aug. 19, 2010) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974))). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).

B.  Plaintiffs' Damages

In light of the default judgment, plaintiffs are entitled to damages on their claims against Austin for, *inter alia*, securities fraud, common law fraud, conversion, unjust enrichment, breach of fiduciary duty, negligence, and negligent misrepresentation. Plaintiffs seek the same recovery under each of these causes of action – return of the monies that plaintiffs transferred to Austin as a result of his fraudulent misrepresentations. "A plaintiff seeking compensation for the same injury under different legal theories is of course only entitled to one recovery." *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 497 (2d Cir. 1995). Accordingly, plaintiffs are entitled to recover their out-of-pocket damages.[3]

---

[3] *See e.g., CAMOFI Master LDC v. Riptide Worldwide, Inc.*, No. 10 Civ. 4020, 2012 WL 6766767, at *13 (S.D.N.Y. Dec. 17, 2012) ("Securities fraud damages are ordinarily based on out-of-pocket losses . . . [which] is also the rule for damages caused by common law fraud." (internal quotation marks, alterations, and citations omitted)); *Agamede Ltd. v. Life Energy & Tech. Holdings, Inc.*, No. 04-CV-2985, 2007 WL 201167, at *3 (E.D.N.Y. Jan. 23, 2007) (noting measure of damages on conversion claim is "the value of the property at the time and place of conversion, plus interest" (internal quotation marks and citation omitted)); *In re Allou Distribs., Inc.*, 446 B.R. 32, 76 (Bankr. E.D.N.Y. 2011) (noting measure of damages on unjust enrichment claim is "the reasonable value of the benefit conferred on the defendant").

4

1. Actual Damages

The Court concludes that plaintiffs have satisfied their burden of proving the amount of damages through the submission of documentary evidence with their Proposed Findings, which is further supported by testimony elicited during the Inquest. Plaintiffs seek three million six hundred eighty-two thousand nine hundred five dollars ($3,682,905.00) in actual damages, which represents the aggregate amounts of the twelve (12) total transactions collectively made to Austin by Weiner,[4] Wilson,[5] and Frey.[6] Upon review of the evidence submitted by plaintiffs, the Court concludes that plaintiffs are entitled to three million six hundred eighty-two thousand nine hundred fifty-five dollars ($3,682,955.00) in actual damages.

---

[4] Plaintiffs' Proposed Findings and the documents submitted therewith establish that Weiner transferred a total of six hundred thirty-two thousand dollars ($632,000.00), consisting of a transfer of one hundred thousand dollars ($100,000.00) on July 11, 2008, eighty-two thousand dollars ($82,000.00) on September 26, 2008, one-hundred fifty thousand dollars ($150,000.00) on October 14, 2008, fifty thousand dollars ($50,000.00) on November 5, 2008, one hundred seventy-five thousand dollars ($175,000.00) on June 30, 2009, and seventy-five thousand dollars ($75,000.00) on July 2, 2009.

[5] Plaintiffs' Proposed Findings and the documents submitted therewith establish that Wilson transferred a total of four hundred ninety thousand nine hundred eighty-seven dollars ($490,987.00), consisting of a transfer of eighty-eight thousand dollars ($88,000.00) on January 19, 2010, three hundred thousand three hundred twenty-five dollars ($311,325.00) on May 8, 2010, and ninety-one thousand six hundred sixty-two dollars ($91,662.00) on June 29, 2010.

[6] While plaintiffs contend that Frey wired one million eight hundred one thousand dollars ($1,801,000.00) on February 7, 2006, the documentary evidence submitted by plaintiffs demonstrates that the amount of the transfer was one million eight hundred one thousand fifty dollars ($1,801,050.00). *See* Pls.' Hr'g Ex. 1. As a result of this mistake, plaintiffs' calculation of the total amount of actual damages sought is off by fifty dollars ($50.00). Plaintiffs' Proposed Findings and the documents submitted therewith also establish that Frey transferred six hundred twenty-six thousand four hundred eighteen dollars ($626,418.00) on March 3, 2006, and three hundred thirty-two thousand five hundred dollars ($332,500.00) on June 13, 2007. The aggregate amount of these three (3) transfers is two million seven hundred fifty-nine thousand nine hundred sixty-eight dollars ($2,759,968.00). However, Frey admits that sometime in mid-2008, he received a two hundred thousand dollar ($200,000.00) distribution from Austin. In light of this distribution, Frey's total damages equal two million five hundred fifty-nine thousand nine hundred sixty-eight dollars ($2,559,968.00).

2. Prejudgment Interest

Plaintiffs are entitled to prejudgment interest on their securities fraud, fraud, conversion, and unjust enrichment claims. *See Miot v. Miot*, 24 Misc.3d 1224(A), 2009 WL 2195787, at *8 (N.Y. Sup. N.Y. Cnty. July 15, 2009) ("Causes of action such as fraud, breach of fiduciary duty, conversion and unjust enrichment qualify for the recovery of prejudgment interest under [CPLR § 5001(a)]."); *see also Barkley v. United Homes, LLC*, 848 F. Supp. 2d 248, 269 (E.D.N.Y. 2012) ("Under New York law, awarding prejudgment interest on damages for fraud is mandatory." (citation omitted)). Pursuant to CPLR § 5001(a), "[i]nterest shall be recovered upon a sum awarded because of . . . an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property." N.Y. CPLR § 5001(a). Interest is to "be computed upon each item [of damages] from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. CPLR § 5001(b). The interest rate in New York, as set forth in the CPLR, is nine percent (9%) per year. N.Y. CPLR § 5004.

Plaintiffs have provided the Court with independent interest calculations for each of the twelve (12) transactions through November 19, 2009, the date that the Proposed Findings were submitted. *See* Proposed Findings, Ex. G [Docket Entry No. 156-7]. However, as discussed *supra*, plaintiff misstated the amount of one (1) of Frey's transactions by fifty dollars ($50.00), and as a result, plaintiffs have slightly undervalued the amount of prejudgment interest to which they are entitled. Therefore, the Court has performed its own interest calculations. The total amount of interest accrued on all twelve (12) transactions through November 19, 2013 is two million one hundred eighty-three thousand four hundred forty-two dollars and fourteen cents ($2,183,442.14).[7] The total amount of additional per diem interest from November 19, 2013

---

[7] Applying the nine percent (9%) interest rate to the one million eight hundred one thousand fifty dollar ($1,801,050.00) transaction made by Frey on February 7, 2006, the per diem interest rate amounts

through July 28, 2914, the date of this order, is one hundred ninety-nine thousand seven hundred two dollars ($199,782.00).[8] Therefore, plaintiffs are entitled to a total of two million three hundred eighty-three thousand two hundred twenty-four dollars and fourteen cents ($2,383,224.14) in prejudgment interest.[9]

       3. Punitive Damages

Punitive damages "are allowed under New York law in fraud and deceit cases where the defendant's conduct evinced a high degree of moral turpitude and demonstrated such wanton dishonesty as to imply a criminal indifference to civil obligations." *Evans v. Ottimo*, 469 F.3d 278, 283 (2d Cir. 2006) (internal quotation marks, alterations, and citations omitted). The Court agrees that "plaintiffs have demonstrated Austin's repeated, purposeful misrepresentations, made with the intent to lure plaintiffs into fake investment schemes," which is sufficient to warrant an

---

to three hundred ninety-four dollars and seventy-eight cents ($394.78), and not three hundred ninety-four dollars and seventy-seven cents ($394.77) as calculated by plaintiffs. Upon multiplying the per diem interest rate by the number of days since the transaction through November 19, 2013, the interest accrued through November 19, 2013 equals one million one hundred twenty-one thousand nine hundred sixty-four dollars and seventy-six cents ($1,121,964.76), and not one million one hundred twenty-one thousand nine hundred twenty-eight dollars and sixteen cents ($1,121,928.16) as calculated by plaintiffs. When added with the interest accrued for the remaining transactions, the total interest accrued through November 19, 2013 for all twelve (12) transactions amounts to two million one hundred eighty-three thousand four hundred forty-two dollars and fourteen cents ($2,183,442.14), and not two million one hundred eighty-three thousand four hundred five dollars and fifty-four cents ($2,183,405.54) as calculated by plaintiffs.

[8]    When using the corrected calculation of the per diem interest rate of the February 7, 2006 Frey transaction, which is increased by just one (1) cent above plaintiffs' calculated rate, the total per diem interest rate for all twelve (12) transactions becomes nine hundred eight dollars and ten cents ($908.10), and not nine hundred eight dollars and nine cents ($908.09) as calculated by plaintiffs. Upon multiplying the total per diem interest rate by two hundred twenty (220) – the number of days between November 19, 2006 and July 28, 2014, the date of this order – the additional per diem interest equals one hundred ninety-nine thousand seven hundred two dollars ($199,782.00).

[9]    This number is the total interest accrued through November 19, 2013 for all twelve (12) transactions amounts, two million one hundred eighty-three thousand four hundred forty-two dollars and fourteen cents ($2,183,442.14), plus the additional per diem interest through July 28, 2014, one hundred ninety-nine thousand seven hundred two dollars ($199,782.00).

award of punitive damages. Proposed Findings, at 26. Plaintiffs are hereby awarded five hundred thousand dollars ($500,000.00) in punitive damages.

III.   Conclusion

In light of the default judgment entered against Austin, and having considered the undisputed evidence presented by plaintiffs in support of their request for damages, the Court concludes that plaintiffs are entitled to an award of three million six hundred eighty-two thousand nine hundred fifty-five dollars ($3,682,955.00) in actual damages, of two million three hundred eighty-three thousand two hundred twenty-four dollars and fourteen cents ($2,383,224.14) in prejudgment interest, and five hundred thousand dollars ($500,000.00) in punitive damages, for a total award of six million five hundred sixty-six thousand one hundred seventy-nine dollars and fourteen cents ($6,566,179.14).

The Clerk of the Court shall enter a final judgment against Austin in favor of plaintiffs in the amount of six million five hundred sixty-six thousand one hundred seventy-nine dollars and fourteen cents ($6,566,179.14), and close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: July 28, 2014
       Central Islip, New York